UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANNETTE LINDSEY<br>    Plaintiff, | )<br>)<br>) |
| v. | )   1:10-CV-00038-JAW<br>) |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | )<br>)<br>) |
|     Defendant | ) |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Annette Lindsey seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under Title II and Title XVI of the Social Security Act. The Commissioner opposes the motion, arguing that the decision to defend the administrative law judge's ruling was substantially justified. The Commissioner does not argue for a reduction in the amount of fees sought, apparently conceding that the hourly rate and the number of hours charged are reasonable. I recommend that the application be granted and that attorney time and paralegal time be compensated in the amount of $ 4,725.00.

## LEGAL STANDARD

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified":

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having

> jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has explained that a fee-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. This boils down to a burden of showing that its position was "justified in substance or in the main," as in justified "to a degree that could satisfy a reasonable person." Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

## DISCUSSION

Lindsey asserts prevailing party status by virtue of securing a remand. (EAJA App. at 1, Doc. No. 23.) The Commissioner objects to a fee-shifting award on the ground that its denial of the claimant's claims was substantially justified. (Def.'s Opp'n at 1, Doc. No. 24.)

**A.      Substantial Justification**

The Commissioner does not dispute that Annette Lindsey is the prevailing party in this litigation. See Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 101-102 (1991). Instead, the Commissioner argues that his Administration was substantially justified in proceeding as it did because the court agreed with its argument that the administrative law judge's alternative step 5 finding was an appropriate legal mechanism even though the judge had found that Lindsey was not disabled at step 4. (Def.'s Opp'n at 4.) Of course, this issue only arose because at oral argument the Commissioner conceded that the administrative law judge had erred in making his step 4 finding. I view this argument as simply a wash for both sides. Lindsey lost her argument that an alternative step 5 finding should be categorically rejected, but the Commissioner gained nothing from that victory except this court's scrutiny of the step 5 finding that was made.

The Commissioner also argues that substantial justification is present here because the Report and Recommended Decision adopted by the Court in this case—a remand based on reasonableness considerations—was itself erroneous. Dionne v. Barnhart, 230 F. Supp. 2d 84, 86 (D. Me. 2002) (finding Commissioner's position was not substantially justified where administrative proceedings were "sufficiently flawed that remand for further consideration is warranted"). This was an atypical case involving exceedingly thin consideration of substantial evidence calling for pace and attendance limitations. Although the assessments of non-examining experts are often quite thin in discussion, in this case a review of the longitudinal record persuaded the court that the consulting expert's assessment and the judge's stated rationale offered too slender a reed to support a finding that the claimant is capable of performing essentially any and all simple work (the judge's finding) or any and all non-public, simple work (the expert's assessment).

**B.     Scope of Award**

A fee-shifting award under the EAJA is appropriately reduced in scope to account for the prevailing party's relative degree of success. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-79 (1st Cir. 1989). A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. Id. at 1479. A district court "should . . . equitably reduce the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's *reasonable* position." Id. at 1480. The fact that plaintiff's counsel obtained a concession at oral argument that the step 4 finding was not supported by substantial evidence negates any argument that Lindsey's success should be reduced in scope because I disagreed with her argument that the error prevented this court from assessing the merit of the step 5 finding. While the

Commissioner may be pleased that this court adopted a position that could prove beneficial in future cases, Lindsey's relative degree of success was not reduced by this ruling on these facts.

## CONCLUSION

Because the Commissioner's position was not substantially justified and because the Commissioner offers no objection to Plaintiff's presentation concerning counsels' hours or requested rates, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application in the amount of $4,725.00.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 25, 2011